MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
I fully concur in the main opinion’s thorough treatment of the numerous issues *467 presented, save two: the analysis in Part I.B. of jury charges requested by CSX Transportation, Inc. (“CSX”), as to the issue of apportionment of damages and the discussion in Part I.C. of the special-verdict form requested by CSX. As to these two issues, I concur in the result.
As to the jury-charge issue, CSX’s requested charge no. 41, which the trial court essentially gave, dealt with apportionment when the employer’s actions aggravate an employee’s preexisting injury. CSX’s requested charges no. 38 through no. 40, the equivalent of which were not given by the trial court, deal with something different: the circumstance where both non-work-related matters and work-related matters combine to first cause injury to the employee. As the main opinion notes, “it appears well settled that the FELA contemplates apportionment among an employer’s negligence and other non-work-related causes.” 46 So.3d at 445 (summarizing the holding in Lancaster v. Norfolk & Western Ry., 773 F.2d 807 (7th Cir.1985), as “recognizing that an apportionment instruction was appropriate where the probability existed that plaintiff would have been injured by a latent condition from which the employee suffered, notwithstanding the defendant’s negligence,” 46 So.3d at 445, and the holding in Sauer v. Burlington Northern R.R., 106 F.3d 1490 (10th Cir.1996), as affirming a judgment based on a jury instruction “directing the jury to reduce damages by the likelihood that the employee would eventually have suffered the injury due to a preexisting condition even had the accident not occurred,” 46 So.3d at 445).
Thus, if not for the issue I discuss at the end of this writing, I believe it would have been reversible error for the trial court not to have given one or more (charge no. 39 alone may have been appropriate) of charges nos. 38-40 requested by CSX. The fact that none of these requested charges included an “if-you-cannot-separate-the-cause” instruction of the nature that was given by the trial court in relation to its preexisting-injury-apportionment charge does not matter. The charges were requested by CSX in addition to whatever other charges were to be given, not in lieu of them.
Also, as to the special-verdict form proposed by CSX, I believe questions no. 8 and no. 9, as described in the main opinion, are well worded and do not suffer from the shortcomings from which questions no. 6 and no. 7 in Norfolk Southern Ry. v. Bradley, 772 So.2d 1147 (Ala.2000), suffered.
Notwithstanding the above-expressed concerns, as the main opinion notes, “where the fact-finder is unable to separate those injuries caused or exacerbated by the workplace accident from those injuries resulting from preexisting conditions, the defendant is liable for all injuries.” 46 So.3d at 446 (citing Stevens v. Bangor & Aroostook R.R., 97 F.3d 594, 603 (1st Cir. 1996)). Although, as the main opinion also notes, it is not necessary to prove attribution to different causes with “mathematical certainty,” I see no basis in any of the evidence presented to the jury for it to make an allocation between the various concurring causes, including the employer’s negligence and its violation of the Locomotive Inspection Act, on the one hand, and the employee’s age and history of smoking, on the other hand. The law allows attribution based on evidence, not speculation. I therefore concur in the result.